UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NAVNEET SHARDA, M.D.,

Plaintiff(s),

v.

SUNRISE HOSPITAL AND MEDICAL CENTER, LLC, et al.,

Defendant(s).

Case No. 2:16-CV-2233 JCM (GWF)

ORDER

Presently before the court is plaintiff Navneet Sharda's motion for a temporary restraining order and preliminary injunction against defendants Sunrise Hospital and Medical Center, LLC ("Sunrise") and the Board of Trustees of Sunrise Hospital.[1] (ECF No. 7).

**I. Background**

Plaintiff is a medical professional who alleges that defendants have violated his "Procedural Due Process and Fourteenth Amendment rights to his property interest in clinical privileges and liberty interest in the practice of his profession" by not scheduling a hearing with respect to the denial of his request for reinstatement of clinical privileges.[2] (ECF No. 7 at 2). Plaintiff asserts that he is entitled to this hearing pursuant to the Sunrise Medical Staff Bylaws. (ECF No. 7, 7-12).

For relief, plaintiff asks this court to order defendants to set a hearing regarding his medical staff privileges and that any posted bond be nominal. (ECF No. 7). Plaintiff also implies, but does not specifically request, that the court: (1) order the body conducting the hearing to limit the scope

---

[1] Plaintiff has also included Doe individuals and Roe corporations as defendants.

[2] Although plaintiff has also alleged antitrust claims in his complaint, (ECF No. 1) he only asserts a Fourteenth Amendment due process challenge as the legal basis for the present motion (ECF No. 7).

of its examination to whether "Sharda delivered appropriate clinical practice rather than if Sharda was 'trespassing'"; (2) order a National Practitioner Data Bank ("NPDB") filing—involving plaintiff's consultation for a patient done at Sunrise while plaintiff's clinical privileges were suspended—to be withdrawn; and (3) restore plaintiff's "hospital privileges" during the course of the present action. (*Id.* at 11–12).

**II. Legal Standard**

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65.

"The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of Cal. v. Coal. of Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element. *See id.*

Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and sliding scale test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131. "Serious questions going to the merits" and a balance of hardships that leans towards the plaintiff "can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

**III. Discussion**

The court first considers the plaintiff's likelihood of success on the merits. Because the plaintiff's cause of action is an alleged violation of the Fourteenth Amendment, plaintiff must show that the offending circumstances were produced by state action. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982). Indeed, "[w]here a person's good name, reputation, honor, or integrity is at stake because of what *the government* is doing to him, notice and an opportunity to be heard are essential." *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 573 (1972) (emphasis added) (citations omitted).

When resolving the question of whether a hospital's actions against a physician can be considered "state actions," details regarding governmental involvement with that hospital are critical. For example, the Ninth Circuit took specific note in *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, that a public hospital's operation is clearly a state action that requires that hospital's respect for the Fourteenth Amendment's protections. *See* 649 F.3d 1143, 1149–50 (9th Cir. 2011) (citation omitted) ("Rather, UMC is through and through a public hospital . . . .").

The same factual emphasis applies if a hospital board of trustees is a defendant; in *Williams v. Univ. Med. Ctr. of S. Nevada*, that court found that a hospital board of trustees was a state actor but only because the trustees' role stemmed from their positions as Clark County commissioners, in accordance with Nevada law. *See* 688 F. Supp. 2d 1111, 1122 (D. Nev. 2010); *see also* Nev. Rev. Stat. § 450.090.

Plaintiff does indicate some measure of government involvement by his reference to Sunrise Hospital's report to the NPDB, which plaintiff alleges ultimately "result[ed] in loss of business as Sharda's peers refuse to refer patients to him and loss of goodwill as Sharda's reputation remains challenged." (ECF No. 7 at 8). However, the Ninth Circuit in *Pinhas* rejected a finding of state action by the defendants as a result of mandated reporting requirements. 894 F.2d at 1034 (citing *Blum v. Yaretsky*, 457 U.S. 991, 1009–10) ("[T]he fact that a hospital must forward to the [California Board of Medical Quality Assurance] an '805 report' whenever any adverse action is taken against a doctor is irrelevant in determining whether the state took an active role in removing Pinhas's privileges.").

The court's review of plaintiff's complaint and present motion reveals a lack of alleged facts that suggest defendants' actions may properly be construed as actions by the state. (ECF

Nos. 1, 7). Accordingly, there can be no violation of the Fourteenth Amendment under the facts as presently alleged. *See Lugar*, 457 U.S. at 924. Consequently, plaintiff would not succeed under the present merits of his case. (ECF Nos. 1, 7).

Although *Alliance for the Wild Rockies* permits the offsetting of elements with weak showings by elements with stronger showings when considering a motion for a temporary restraining order and injunction, the present lack of factual allegations addressing the state action requirement of the Fourteenth Amendment creates no showing—much less a weak one—of plaintiff's likelihood of success on the merits. *See* 632 F.3d at 1131. Therefore, this failure to show the presence of state action dooms the present motion because the test for issuing a temporary restraining order and injunction is conjunctive. *See Winter*, 555 U.S. at 20.

**IV. Conclusion**

In consideration of the facts alleged, this court finds that plaintiff has failed to satisfy or even address the state action requirement for bringing a claim under the Fourteenth Amendment. *See Lugar*, 457 U.S. at 924. Therefore, this court will not grant the present motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for temporary restraining order and preliminary injunction, (ECF No. 7) be, and the same hereby is, DENIED.

DATED October 26, 2016.

James C. Mahan

UNITED STATES DISTRICT JUDGE