1

2

3

4                        UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6                                    * * *

7    NAVNEET SHARDA, M.D.,                        Case No. 2:16-CV-2233 JCM (GWF)

8                              Plaintiff(s),                    ORDER

9         v.

10   SUNRISE HOSPITAL AND MEDICAL
     CENTER, LLC, et al.,
11
                             Defendant(s).
12

13

14        Presently before this court is defendant Nevada State Board of Medical Examiners' motion

15   to dismiss.  (ECF No. 27).  Although this court granted a stipulation on December 23, 2016, for an

16   extension of time for plaintiff Navneet Sharda to respond to the motion, plaintiff submitted no

17   timely response.  (ECF No. 34).

18        The local rules have the force of law.  *See United States v. Hvass*, 355 U.S. 570, 574–575

19   (1958).  Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities

20   in response to any motion . . . constitutes a consent to the granting of the motion."  The Ninth

21   Circuit instructs that a district court must weigh several factors before granting a motion filed

22   pursuant to Federal Rule of Civil Procedure 12 because a party failed to comply with a local rule:

23   "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

24   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

25   cases o[n] their merits; and (5) the availability of less drastic sanctions."  *Ghazali v. Moran*, 46

26   F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986))

27   (discussing a Nevada local rule construing a failure to oppose a motion as effectively consenting

28   to the granting of that motion); *see also Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003)

**James C. Mahan**
**U.S. District Judge**

1    (indicating that *Ghazali* provides the applicable rule for evaluating a Rule 12 motion to dismiss in

2    light of a local rule authorizing dismissal).

3           This court finds that granting defendant's motion to dismiss would protect the public's

4    interest in the expeditious resolution of litigation.  *See Ghazali*, 46 F.3d at 53.  This court also finds

5    that granting defendant's motion to dismiss would permit the court to effectively manage its

6    docket.  *See id*.  Additionally, defendant would be prejudiced if the court did not rule on the present

7    motion because it would be forced to wait for plaintiff—who initiated this case—to resolve the

8    present action.  *See id.*

9           This court acknowledges the public policy favoring the disposition of cases on their merits.

10   *See id.*  However, dismissal is appropriate in this circumstance because several months have

11   elapsed since the expiration of plaintiff's response deadline, and plaintiff has yet to file an

12   opposition to defendant's motion to dismiss.  *See* (ECF No. 34).

13          Weighing the *Henderson* factors, this court finds that defendant's motion to dismiss will

14   be granted pursuant to Local Rule 7-2(d).  *See Ghazali*, 46 F.3d at 53.

15          Accordingly,

16          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Nevada State

17   Board of Medical Examiners' motion to dismiss (ECF No. 27) be, and the same hereby is,

18   GRANTED.

19          DATED July 18, 2017.

20   _____

21   UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 2 -