UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NAVNEET SHARDA, M.D., <br><br> Plaintiff, <br><br> v. <br><br> SUNRISE HOSPITAL AND MEDICAL CENTER, *et al.*, <br><br> Defendants. | Case No. 2:16-cv-02233-JCM-GWF <br><br> **ORDER** <br><br> **Re: Interested Party's Motion to Quash (ECF No. 96) and Defendants' Motion for Protective Order (ECF No. 99)** |

This matter is before the Court on Interested Party Nevada Board of Medical Examiners' Motion to Quash Subpoena or, Alternatively Motion for Protective Order (ECF No. 96), filed October 26, 2018. Defendants Board of Trustees of Sunrise Hospital, Kathrine Keeley, Susan Reisinger, and Sunrise Hospital and Medical Center filed their Motion for Protective Order (ECF No. 99) on November 5, 2018. Plaintiff filed his Opposition to the Motion to Quash (ECF No. 101) on November 6, 2018, and Nevada Board of Medical Examiners' filed its Reply (ECF No. 102) on November 13, 2013. The Court conducted hearing in this matter on November 29, 2018.

## **BACKGROUND**

This action arises out of the Defendants' alleged wrongful denial of medical staff privileges which deprived Plaintiff of his ability to earn a livelihood as a medical practitioner. Plaintiff filed his first amended complaint on November 15, 2016, which added Susan Reisinger, Dipak Desai, Katherine Keeley, and the Nevada State Board of Medical Examiners ("Sunrise Defendants") as defendants and alleged a claim for civil conspiracy. *First Amended Complaint* (ECF No. 11). On January 12, 2017, the Court entered an order dismissing the Nevada Board of Medical Examiners ("Medical Board") with prejudice. *Order* (ECF No. 45). On July 3, 2017, the Court partially granted the Sunrise Defendants' motion to dismiss. The Court dismissed

1

Plaintiff's civil conspiracy claim and determined it was not plausible on its face. *Order* (ECF No. 58).

The remaining parties commenced with discovery and on September 17, 2018, Plaintiff served a Subpoena to Testify at Deposition ("September Subpoena") on Ms. Ward, a former employee of the Medical Board. ECF No. 89. The Subpoena included two topics of discussion which were deemed improper by the Medical Board and Sunrise Defendants because they covered information protected by a confidential settlement agreement, between Ms. Ward and the Medical Board, and NRS 630.336. *Motion* (ECF No. 96), *Exhibit 2*. Since the Sunrise Defendants and the Medical Board objected to some of the areas of inquiry listed in the September Subpoena, Plaintiff's counsel agreed to postpone the deposition and provide a list of questions he planned to ask at the deposition. *Motion* (ECF No. 96). Sunrise Defendants and the Medical Board objected to questions 8 and 10-15 as improper because they requested information that was confidential and would violate NRS 630.336. *Id*. Plaintiff then served an Amended Notice of Deposition ("Amended Subpoena") setting the deposition for November 9, 2018. *Id. Exhibit, 4*.

In the instant Motion, the Medical Board and Sunrise Defendants seek to quash the Amended Subpoena or in the alternative, seek a protective order to preclude testimony on questions 8 and 10-15 which possibly require Ms. Ward to testify about the facts and circumstances related to the confidential settlement agreement. Sunrise Defendants and the Medical Board argue that testimony on these questions is irrelevant and protected from disclosure by NRS 630.336. Plaintiff argues that the questions are legitimate areas of inquiry because the proposed questions relate to her participation in any investigation of Plaintiff, during the time in which she was employed by the Medical Board.

**DISCUSSION**

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that the court may, for good cause, issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense. The burden of persuasion is on the party seeking the protective order. *U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D.Nev. 2006).

The movant must demonstrate a particular need for the protection sought, and must point to specific facts that support the request. A mere showing that discovery may involve some inconvenience or expense does not suffice to establish good cause under Rule 26(c). *Id.* Rule 45(d)(3)(A)(iii) provides that the Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies.

Sunrise Defendants and the Medical Board argue that they are entitled to an order quashing or granting a protective order regarding deposition topics 8 and 10-15 because testimony regarding Ms. Ward's familiarity with complaints and investigations conducted by the Medical Board are confidential. NRS 630.307 provides that "any person may file a written complaint against a medical doctor with the Medical Board within 30 days after becoming aware of the conduct that is the subject of the complaint." Plaintiff alleges that such complaint was filed against him. Sunrise Defendants and the Medical Board rely on NRS 630.336, which reads in pertinent part: "the complaint and all documents and other information compiled as a result of an investigation to determine whether to initiate disciplinary action are confidential." NRS 630.336.4

The Court is arguably not bound by the confidentiality provisions of NRS 630.336.4 to the extent that complaints against the Plaintiff are relevant to the resolution of the federal claims in this action. Federal courts hold, however, that in order to obtain discovery of confidential commercial information, a party is required to show that the information sought is relevant and necessary in order to prove its claim or defense. *See e.g. Direct TV, Inc. v. Throne*, 209 F.R.D. 455, 459-60, (C.D. Cal. 2002). A similar analysis applies here.

Plaintiff does not deny that NRS 630.336 is applicable, but instead points to the language in subsection 3 of the statute which indicates, "communications may be confidential" and argues that the Court should look to whether the proposed inquiries are relevant to the remaining claims and defenses and whether there is a need for the information. Plaintiff further contends the proposed inquiries are relevant to show whether the Defendants engaged in nefarious activity related to Plaintiff.

The Court, having reviewed the remaining claims for breach of contract and tortious interference, finds that inquiries 8 and 10-15 are irrelevant. While confidential settlement agreements can be overcome upon a showing of good cause, the relevancy of questions 8 and 1015 is so tenuous to override the provisions of NRS 630.336 and the confidentiality agreement is not justified here. Defendants do not object to the deposition of Ms. Ward on other topics. Although it appears unlikely that Plaintiff will depose Ms. Ward on the remaining preliminary topics, Plaintiff may do so at his election. Accordingly,

**IT IS HEREBY ORDERED** that the Interested Party Nevada Board of Medical Examiners' Motion to Quash Subpoena or, Alternatively Motion for Protective Order (ECF No. 96) is **granted**.

**IT IS FURTHER ORDERED** that Defendants Board of Trustees of Sunrise Hospital, Kathrine Keeley, Susan Reisinger, and Sunrise Hospital and Medical Center Motion for Protective Order (ECF No. 99) is **granted**.

Dated this 14th day of December, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE